UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SANCTIONED/BARRED DAVID LOUIS WHITEHEAD | CIVIL ACTION NO. 25-cv-1236 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARTIN LEMELLE ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

David Louis Whitehead ("Plaintiff") filed this civil action in state court against Grambling State University and Martin Lemelle. Mr. Lemelle removed the case to federal court based on federal question jurisdiction. Plaintiff filed an Emergency Motion to Transfer Case Back to 26th JDC (Doc. 3) and argued that the court lacked jurisdiction because he demanded only $74,000. The motion was denied, and the court explained that Plaintiff had asserted federal claims that gave the court federal question jurisdiction. Doc. 5.

Plaintiff then filed a Second Emergency Motion to Remand (Doc. 6) and repeated his argument that his complaint demands only $74,000 while federal diversity jurisdiction requires an amount in controversy in excess of $75,000. The motion was denied (Doc. 7) with an explanation that there is no amount in controversy requirement when jurisdiction is based on federal question.

Plaintiff's state court complaint asserts claims of wrongful employment discharge, retaliation, breach of implied contract, conspiracy to terminate employment, unjust enrichment, and negligence. Some of those claims could be based on Louisiana law, but

Plaintiff's pleading specifically states that claims are brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and other federal statutes. Mr. Lemelle removed the case based on 28 U.S.C. §§ 1441(a) and 1331 because Plaintiff asserted claims arising under federal law. The court has original jurisdiction over Plaintiff's civil action because his complaint plainly asserted federal claims on its face. The amount in controversy is not relevant.

If Plaintiff wishes to have this case remanded to state court by relying exclusively on state law, he may file an Amended and Restated Complaint that (1) deletes all federal claims and references to federal law, (2) leaves nothing but state law claims in the complaint, and (3) includes a specific statement that, "Plaintiff relies exclusively on Louisiana law and does not assert any claims or causes of action based on federal law." Such an Amended and Restated Complaint will supersede the original complaint, so it will be as if the federal claims in the original complaint never existed. This court will then lose its original and supplemental jurisdiction and must remand the case to state court. Royal Canin U. S. A., Inc. v. Wullschleger, 145 S. Ct. 41, 289 (2025).

Plaintiff is allowed until **November 3, 2025** to file such an Amended and Restated Complaint if he wishes to pursue that course. If he files such a pleading, and the court finds that it is completely lacking in references to federal law and includes the quoted statement above about exclusive reliance on state law, then the court will remand this case to state court. But the court warns that if Plaintiff states that he is relying solely on state law but continues to invoke federal statutes, or otherwise attempts gamesmanship or abuse of the system, the court may strike the pleading, impose sanctions, or take other steps as necessary to deter such actions.

In light of this potential procedural development, the court grants an extension of time until **November 17, 2025** for any defendant who has been served to file an answer or other responsive pleading or motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of October, 2025.

Mark L. Hornsby
U.S. Magistrate Judge