UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LOUIS WHITEHEAD | CIVIL ACTION NO. 25-1236 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GRAMBLING STATE UNIVERSITY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Motions for Recusal of Judges, Disqualification of Attorneys, and a Transfer of Venue filed by Plaintiff David Louis Whitehead ("Whitehead"). See Record Document 17. Whitehead argues that this Court and the defense counsel must be recused because they are allegedly members of the Harry V. Booth-Judge Henry A. Politz American Inn of Court, and he contends this membership demonstrates "extreme bias." See id. at 1. Whitehead further asserts that the case should be transferred to the Eastern District of Louisiana on the same basis. See id.

**FACTUAL BACKGROUND**

Whitehead filed this action in the 26th Judicial District Court asserting claims of wrongful discharge, retaliation, breach of implied contract, conspiracy to terminate employment, unjust enrichment, and negligence against Grambling State University ("Grambling") and Martin Lemelle ("Lemelle"). See Record Document 8 at 1. The action was removed to this Court based on federal question jurisdiction. See id.

Whitehead now seeks recusal of the judges assigned to this case and disqualification of defense counsel because of their alleged membership in the Harry V. Booth-Judge Henry A. Politz American Inn of Court. See Record Document 17 at 1. Whitehead also references an unrelated dispute with that organization where it was an

"unnamed party with the City of Shreveport, Louisiana, in his lawsuit in California." See id. at 2. He also notes his prior litigation within the Western District of Louisiana. See Whitehead v. Grand Canyon University, et al. Civil Action No. 3:24-0423; see also Whitehead v. White & Case LLP, et al. Civil Action No. 5:12-0399; see also Whitehead v. Netflix, et al. Civil Action No. 1:17-0225. However, Whitehead provides no evidence that any judge or attorney in this case has developed bias due to those prior matters. Whitehead also asserts unrelated allegations regarding correspondence with the Attorney General's Office. See Record Document 17 at 3.

The Court notes that similar recusal motions have been filed by Whitehead in prior actions. See Whitehead v. White & Case LLP, et al. Civil Action No. 5:12-0399, Record Documents 18, 24, 84; see also Whitehead v. Netflix, et al. Civil Action No. 1:17-0225, Record Documents 23, 24, 55. In both prior cases, his motions for recusal were denied. See Whitehead v. White & Case LLP, et al. Civil Action No. 5:12-0399, Record Documents 32, 87, 90, 92; see also Whitehead v. Netflix, et al. Civil Action No. 1:17-0225, Record Documents 33 & 56. The Court considers all of his recusal motions to be vexatious, meritless, and frivolous.

## LAW AND ANALYSIS

I. 28 U.S.C. § 455(a)

The current Motion for Recusal first cites to 28 U.S.C. § 455(a). Under § 455(a), a federal judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court has held that the "extrajudicial source" doctrine applies to § 455(a). See Liteky v. U.S., 510 U.S. 540, 555 (1994) ("The alleged bias and prejudice to be disqualifying ... must stem from an extrajudicial source."). The

determination under § 455(a) is objective, "so that what matters is not the reality of bias or prejudice but its appearance." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988). This objective standard is established with reference to "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 454-455 (5th Cir. 2003).

Whitehead's basis for recusal under § 455(a) is his assertion that the judges assigned to this case and defense counsel are members of the same local Inn of Court organization. See Record Document 17. Even accepting this allegation as true, membership in a local Inn of Court does not constitute an extrajudicial source of bias, nor does it provide any reasonable basis to question the Court's impartiality. Judges and attorneys routinely participate in professional organizations within the legal community. If a movant presented evidence of a personal relationship, a close professional association, or some direct involvement between the judge and a party that could create the appearance of partiality, recusal may be warranted. However, no such evidence exists here. Accordingly, Whitehead has failed to identify any facts that would lead a well-informed, thoughtful, and objective observer to question this Court's impartiality under § 455(a). See Andrade, 338 F.3d at 454-455.

## II.     28 U.S.C. § 455(b)(4)

Next, Whitehead argues that Magistrate Judge Hornsby should be recused under § 455(b)(4). Section 455(b)(4) states that a federal judge must disqualify himself when he has "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding …." There is insufficient information in the motion for the Court to understand how

Magistrate Judge Hornsby would have a financial interest in this litigation. See Record Document 17. The motion seems to argue that Magistrate Judge Hornsby had a financial interest in a prior, unrelated lawsuit filed by Whitehead due to Bank of America being a defendant in that case. See id. at 2; see also Whitehead v. White & Case LLP, et al. Civil Action No. 5:12-0399.

The Court has no understanding of how that prior case is relevant to the present litigation or how it would create a disqualifying interest under § 455(b)(4) in this employment dispute. Nothing in the motion suggests that Magistrate Judge Hornsby has any personal or financial stake in the subject matter or the parties before the Court. Because Whitehead has failed to articulate any coherent or legally relevant basis for recusal under § 455(b)(4), this ground likewise provides no basis for disqualification.

### III.     Attorney Disqualification

Whitehead seeks disqualification of all opposing counsel that are members of the Harry V. Booth-Judge Henry A. Politz American Inn of Court. See Record Document 17. Attorneys can be disqualified by the court for conflicts of interest. See F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1314 (5th Cir. 1995). The Fifth Circuit has stated that, "'[t]he rule of disqualification is not mechanically applied in this Circuit.' All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." Id. (citing Church of Scientology of California v. McLean, 615 F.2d 691, 693 (5th Cir.1980)).

Whitehead identifies no conflict of interest, no breach of ethical rules, and no misconduct by defense counsel. His motion instead argues that disqualification is justified because defense counsel and the Court allegedly belong to the same local professional

organization. The Harry V. Booth-Judge Henry A. Politz American Inn of Court, like Inns of Court nationwide, is a broad professional group composed of many different individuals in the legal field. Participation is common in this district and does not, without more, create any inference of improper influence or bias. Because Whitehead has not shown any actual or potential conflict, the request to disqualify counsel is **DENIED**.

IV.     **Transfer of Venue**

Whitehead next requests that this matter be transferred to the Eastern District of Louisiana. See Record Document 17. He cites no statutory authority, but the only potentially applicable provision is 28 U.S.C. § 1404(a), which allows transfer "[f]or the convenience of parties and witnesses, in the interest of justice," to any district "where [the action] might have been brought …."

This action was originally filed in the 26th Judicial District Court of Bossier Parish, located in the Western District of Louisiana. See Record Document 1-2 at 1. Lemelle properly removed the case to this Court under 28 U.S.C. § 1441. Because venue is tied to the state court in which the action was filed, removal to the Western District of Louisiana was proper. See id.

Because venue is currently proper, the court must use § 1404(a) to consider whether a transfer of venue is warranted. According to the Fifth Circuit, the moving party bears the burden of showing good cause for the transfer and demonstrating that the proposed transferee forum is "clearly more convenient." In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). Courts consider a series of private and public interest factors, none of which are satisfied here. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure

the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. (citation omitted). The public interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

Id. (citation omitted).

Whitehead presents no evidence about how any of these factors would be met. Rather, his motion rests entirely on his allegation of bias arising from the Inn of Court. See Record Document 17. As explained above, that allegation is legally insufficient. Because Whitehead has not demonstrated that the Eastern District of Louisiana is a more convenient forum or that transfer would serve the interest of justice his motion is **DENIED**.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Whitehead's Motion for Recusal of Judges, Disqualification of Attorneys, and Transfer of Venue (Record Document 17) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of December, 2025.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE