UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID LOUIS WHITEHEAD			CIVIL ACTION NO. 25-1236

VERSUS					JUDGE S. MAURICE HICKS, JR.

MARTIN LEMELLE, ET AL.			MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court are three motions filed by Plaintiff David Louis Whitehead ("Whitehead"): (1) a Motion for Partial Summary Judgment (Record Document 29); (2) a Motion for Leave to File Motion Requesting Release of Names of Third Parties and Testimony of Bossier City Police Deptartment Detective (Record Document 34); and (3) a Motion to Withdraw Record Document 34 (Record Document 35). For the reasons set forth below, the Motion for Partial Summary Judgment (Record Document 29) is **DENIED**, the Motion for Leave to File Motion Requesting Release of Names of Third Parties and Testimony of Bossier City Police Dept Detective (Record Document 34) is **DENIED**; and (3) the Motion to Withdraw Record Document 34 is **DENIED AS MOOT.**

### FACTUAL BACKGROUND

Whitehead filed this action in the 26th Judicial District Court asserting claims of wrongful discharge, retaliation, breach of implied contract, conspiracy to terminate employment, unjust enrichment, and negligence against Grambling State University ("Grambling"), Martin Lemelle ("Lemelle"), Rick Gallot ("Gallot"), the Board of Trustees Members, and the University of Louisiana System (collectively, "Defendants"). See Record Documents 24 & 8 at 1. The action was removed to this Court based on federal question jurisdiction. See Record Document 8.

Since that time, there has been no meaningful movement in the case, but Whitehead has filed miscellaneous motions. Today, the Court addresses three motions filed by Whitehead: (1) a Motion for Partial Summary Judgment (Record Document 29); (2) a Motion for Leave to File Motion Requesting Release of Names of Third Parties and Testimony of Bossier City Police Dept Detective (Record Document 34); and (3) a Motion to Withdraw Record Document 34 (Record Document 35).

## LAW & ANALYSIS

### I.     Motion for Partial Summary Judgment (Record Document 29)

Whitehead moves for partial summary judgment but does not identify a discrete claim or issue for which he contends there is no genuine dispute of material fact. Instead, the motion broadly challenges Defendants' conduct as unlawful and appears to seek judgment in Whitehead's favor on the case as a whole.

Rule 56 requires a movant to identify specific claims or issues and demonstrate the absence of a genuine dispute of material fact as to those matters. Whitehead's motion does not do so. Although he references alleged deficiencies in notice relating to the non-renewal of his adjunct appointment, he does not identify how that issue, standing alone, entitles him to judgment as a matter of law on any specific claim, nor does he explain which facts are undisputed and material to that determination.

Moreover, the motion is filed at a procedurally premature stage. The Amended Complaint was only recently filed, Defendants have not yet responded, no scheduling order has been entered, and discovery has not commenced. Without a defined issue for adjudication or a developed factual record, summary judgment review is not appropriate.

Accordingly, Whitehead's Motion for Partial Summary Judgment (Record Document 29) is **DENIED**.

    II.    **Motion for Leave to Refile Requests to Order the FBI to Release Names of Third Parties and to Request Testimony of a Bossier City Police Detective (Record Document 34)**

Next, Whitehead seeks leave to file a motion requesting that the Court order the Federal Bureau of Investigation ("FBI") to release the names of third parties referenced in a Freedom of Information Act ("FOIA") response and to compel testimony from a detective with the Bossier City Police Department ("BCPD") concerning an alleged investigation related to Whitehead's intellectual property. See Record Document 34.

The requested relief is not properly before the Court. The FBI is not a party to this action. This Court lacks authority to order the FBI to release records or override FOIA exemptions in the context of this civil action. Additionally, this case is in its early stages, no discovery has commenced, and there is no procedural basis for compelling testimony from third parties at this time.

To the extent Whitehead seeks to transform this civil employment dispute into a broader investigative or law enforcement proceeding, such relief exceeds the scope of this case and the Court's role. Accordingly, Whitehead's Motion for Leave to File a Motion Requesting Release of Names of Third Parties and Testimony of a Bossier City Police Department Detective (Record Document 34) is **DENIED**.

    III.    **Motion to Withdraw Record Document 34 (Record Document 35)**

In Record Document 34, Whitehead not only sought the relief explained above, but also sought removal of Magistrate Judge Hornsby from the case. Whitehead subsequently filed a Motion to Withdraw Record Document 34 (Record Document 35), explaining that he wished to withdraw the motion because he did not realize that the Court

3

had already denied his prior motion seeking recusal of Magistrate Judge Hornsby. See Record Document 27.

The Court has already ruled on the issue of recusal. See id. Additionally, for the reasons discussed above, the remaining requests contained in Record Document 34 are without merit and do not warrant refiling. Because the Court has already addressed all of the issues raised in the original motion, the Motion to Withdraw (Record Document 35) is **DENIED AS MOOT**.

## CONCLUSION

For the reasons explained above, the Motion for Partial Summary Judgment (Record Document 29) is **DENIED**, the Motion for Leave to File Motion Requesting Release of Names of Third Parties and Testimony of Bossier City Police Department Detective (Record Document 34) is **DENIED**; and (3) the Motion to Withdraw Record Document 34 is **DENIED AS MOOT**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of December, 2025.

                                               S. MAURICE HICKS, JR.
                                       UNITED STATES DISTRICT JUDGE