**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

DAVID LOUIS WHITEHEAD                   CIVIL ACTION NO. 25-1236

VERSUS                                  JUDGE ALEXANDER C. VAN HOOK

MARTIN LEMELLE ET AL                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

David Whitehead ("Whitehead") filed a complaint against Grambling State University and others asserting various causes of action arising from termination of his employment. Record Document 1. Whitehead filed a motion for recusal of the Magistrate Judge and the previously assigned District Judge. Record Document 17. The Court denied his motion. Record Document 28. In its Memorandum Ruling, the Court noted that Whitehead had filed similar recusal motions in several prior lawsuits before the Court. Record Document 27 at 2. The Court also recognized his "recusal motions to be vexatious, meritless, and frivolous." *Id.*

Before the Court is another motion to recuse filed by Whitehead. Record Document 88. According to Whitehead, the Magistrate Judge has a financial conflict of interest because he allegedly owns stock of Apple, Inc. ("Apple"). As for the undersigned, Whitehead purportedly corresponded with the criminal chief of the United States Attorney's Office for the Western District of Louisiana ("USAO") and requested a criminal investigation. Record Document 88-2 at 48. Whitehead also produced correspondence that he claimed to have sent to the undersigned in 2016 in

1

which he requested yet another federal criminal investigation. *Id.* at 45. Whitehead argues that the undersigned has a conflict of interest because the undersigned once supervised the USAO and purportedly received his correspondence or supervised employees who did. *See* Record Document 88 at 3-6.

The Court rejects Whitehead's arguments and finds recusal is not warranted. Even assuming the Magistrate Judge holds ownership of Apple stock, that company is not a "subject matter in controversy[,]" "a party to the proceeding[,]" or "substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Similarly, even assuming Whitehead corresponded with the undersigned and other USAO staff more than a decade ago, that fact does not establish the undersigned has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" nor does it show "his impartiality might reasonably be questioned[,]" § 455(b)(1), especially when the criminal investigations Whitehead referenced in his purported correspondence seem to have no relation to this current proceeding. For the foregoing reasons, Whitehead's motion to recuse is denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of May, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

2